IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CIVIL CASE NO. 3:06cv248

| | | |
|---|---|---|
| ALDEN JEROME HARDEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| GERALD BRANKER, Warden, | ) | |
| Central Prison | ) | |
| Raleigh, North Carolina, | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court upon a letter dated December 31, 2009, received from Petitioner Alden Jerome Harden and addressed to the undersigned. [Doc. 78]. In the letter, Harden seeks reconsideration of prior rulings by the Court but identifies only a Court-ordered requirement that he pay a $600.00 attorney fee.[1] [Docs. 9, 13]. Based upon the content of the letter, the Court has construed it as a pro se Motion to Reconsider.

---

[1] Harden paid the fee on March 17, 2008.

A habeas petitioner has no statutory or constitutional right to proceed pro se while simultaneously being represented by counsel. See McKaskle v. Wiggins, 465 U.S. 168, 183, 104 S.Ct. 944, 79 L.Ed.2 122 (1984) (recognizing that a criminal defendant has no constitutional right to hybrid representation at trial). Consequently, a district court is not obligated to consider a counseled petitioner's pro se motions. See United States v. Essig, 10 F.3d 968, 973 (3d Cir. 1993).[2]

Harden is represented by appointed counsel. [Docs. 29, 34]. Therefore, the Court declines to consider the instant pro se Motion to Reconsider. Furthermore, Harden is advised that he should communicate with the Court only through his attorney.

**IT IS, THEREFORE, ORDERED** that Harden's pro se Motion to Reconsider [Doc. 78] is **DISMISSED** without prejudice.

---

[2]The Court notes that the local rules of the Western District of North Carolina limit the District Court's consideration of pro se motions filed by counseled criminal defendants:

> Except for challenges to the effective assistance of counsel, the Court will not ordinarily entertain a motion filed by a criminal defendant who is still represented by counsel and has not formally waived his ... right to counsel in the presence of a judicial officer after being fully advised of the consequences of waiver....

LCrR 47.1(H).

**IT IS SO ORDERED.**

Signed: June 11, 2010

Martin Reidinger
United States District Judge