# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE NO. 3:06cv248

| | |
|---|---|
| ALDEN JEROME HARDEN,           )<br>                                )<br>            Petitioner,          )<br>                                )<br>v.                              )      **ORDER**<br>                                )<br>                                )<br>GERALD BRANKER, Warden,         )<br>Central Prison                  )<br>Raleigh, North Carolina,        )<br>                                )<br>            Respondent.         )<br>_____) | |

**THIS MATTER** is before the Court upon Petitioner Alden Jerome Harden's Second Motion to Expand the Record. [Doc. 44]. Also before the Court is Respondent's Motion to Expand the Record. [Doc. 61].

## PROCEDURAL HISTORY

In 1994, Harden was convicted of two counts of first-degree murder and sentenced to death for killing Charlotte-Mecklenburg Police Officers Anthony Nobles and John Burnette. He appealed his convictions and sentences. The North Carolina Supreme Court found no error, and the United States Supreme Court denied certiorari review. State v. Harden,

344 N.C. 542, 476 S.E.2d 658 (1996), cert. denied, 520 U.S. 1147, 117 S.Ct. 1321, 137 L.Ed.2d 483 (1997).

Following a protracted state post-conviction process, Harden filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the Federal District Court on June 13, 2006. Subsequent pleadings were filed by both Harden and Respondent. On August 11, 2008, Harden filed the Second Motion to Expand the Record that is the subject of this Order. [Doc. 44]. In it, he seeks to expand the federal habeas record to include evidence that he contends is relevant to Claim V of his habeas petition. On December 5, 2008, Respondent filed a Response opposing Harden's Second Motion to Expand the Record. [Doc. 60]. Respondent also filed a motion seeking further expansion of the record in the event that the Court granted Harden's Second Motion to Expand the Record. [Doc. 61]. On January 12, 2009, Harden filed a Reply. [Doc. 63].

## DISCUSSION

**A.     Legal Standard**

Harden's motion to expand the record is governed by Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts, which provides that "[i]f the petition is not dismissed, the judge may direct

the parties to expand the record by submitting additional materials relating to the petition." When a petitioner seeks to introduce evidence pursuant to Rule 7, he must meet the same conditions prescribed by § 2254(e)(2) for obtaining an evidentiary hearing. See Holland v. Jackson, 542 U.S. 649, 652-53, 124 S.Ct. 2736, 159 L.Ed.2d 683 (2004) (per curiam).

Under § 2254(e)(2)(A), "[a] habeas petitioner must develop the factual basis of his claim in the state court proceedings rather than in a federal evidentiary hearing unless he shows that his claim relies upon a new, retroactive law, or due diligence could not have previously discovered the facts." Cox v. Burger, 398 F.3d 1025, 1030 (8th Cir. 2005). In the context of a Rule 7 motion, this means that in order to expand the record, Harden must show that the evidence he now seeks to add to the federal habeas record was before the state court when it adjudicated his claim or that he made diligent efforts to put it before the state court. See Bradshaw v. Richey, 546 U.S. 74, 79, 126 S.Ct. 602, 163 L.Ed.2d 407 (2005) (holding that federal appellate court erred when it relied on evidence that was not properly presented to the state courts without first determining whether the habeas petitioner had met the § 2254(e)(2) criteria); Williams v. Taylor, 529 U.S. 420, 429-32, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000). Alternatively,

3

Harden must show that the evidence he is seeking to add could not have been discovered previously through due diligence <u>and</u> that the evidence clearly and convincingly establishes that but for constitutional error, no reasonable factfinder would have found him guilty.  See <u>Williams</u>, 529 U.S. at 430-31, 120 S.Ct. 1479; 28 U.S.C. § 2254(e)(2)(B).

**B.    The Transcript**

The two pieces of evidence that Harden wishes to add to the federal habeas record pertain to pretrial publicity in his case.  The first is the transcript of the pretrial hearing on Harden's motions to change venue (hereinafter "the transcript").  [Docs. 44-3 through 44-11].  Harden asserts that the transcript was part of the state court record and that he is seeking to add it to the federal habeas record to bolster Claim V of his habeas petition.  [Doc. 44-2 at 2].

Respondent counters that Claim V is based upon a claim raised in Harden's Motion for Appropriate Relief (hereinafter "MAR") and that although the transcript technically is part of the state court record, it was developed in connection with pretrial motions, not in connection with the MAR.  Furthermore, Respondent contends, Harden did not use the transcript to support his MAR.  Therefore, Respondent argues, it was not

before the MAR court when it adjudicated Harden's claims. [Doc. 60 at 8-10].

Harden, in his Reply, argues that the transcript was before the MAR court by virtue of the fact that it was part of the state court record. [Doc. 63 13-14]. He notes that North Carolina law governing the filings of motions for appropriate relief requires that an MAR be supported by documentary evidence only if it is "based upon the existence or occurrence of facts which are not ascertainable from the records and any transcript of the case." [Doc. 63 at 13 <u>citing</u> N.C. Gen. Stat. § 15A-1420(b)(1)]. According to Harden, the implication of MAR filing requirements is that everything in the state court record preceding post-conviction is before the MAR court. This Court need not decide whether Harden's interpretation is accurate because at the MAR evidentiary hearing, the State conceded that "the record before [the MAR court] . . . consists of everything that has gone on in this case prior to now." [State Ex. L: MAR Tr. 11:21-12:5] (manually filed).

This, however, does not answer the question of whether the record should be expanded to include the transcript. Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts

5

provides for expansion of the federal habeas record to include evidence "relating to the petition." The transcript does not "relate" to the petition because none of the claims therein rely on evidence of pretrial publicity.

Harden contends that the transcript is relevant to Claim V of his habeas petition in which he alleges that he was denied a fair trial due to the heavy presence of armed, uniformed police officers and yellow-ribbon wearing civilians in the spectators' gallery. Claim V, however, is solely a spectator conduct claim that does not rely for support on any allegations of negative pretrial publicity. Furthermore, the transcript is from a pretrial hearing whereas the conduct complained of in Claim V occurred after the trial began. As such, none of the facts alleged to support Claim V are addressed in the transcript. Therefore, the transcript of the evidentiary hearing in which Harden's pretrial motions to change venue were considered is not related to Harden's federal habeas petition, and the motion to expand the record to include the transcript is denied.

**C.  The Video Footage**

The second piece of evidence that Harden wishes to add to the federal habeas record is video footage of a May 5, 1994 television news broadcast in which Harden confesses to shooting Officers Nobles and

6

Burnette. [Doc. 44 Ex. B] (manually filed). Harden does not contend, nor could he, that the video footage was not available at the time of his state court proceedings. The broadcast occurred prior to trial, and Harden cited it in his pretrial motions to change venue. As he did with the transcript, Harden asserts that the video footage is part of the state court record and that he is seeking to add it to the federal habeas record to bolster Claim V of his habeas petition. [Doc. 44-2 at 2]. Respondent contends that the video footage was not introduced as evidence in any state court and, therefore, was not before the MAR court when it adjudicated Harden's claims. [Doc. 60 at 10-11].

Harden does not contest Respondent's assertion that the video footage was not introduced into evidence during state court proceedings. Nor does he contend that the video footage was viewed by the trial court, the appellate court, or the MAR court. Harden also does not assert that he introduced a transcription of the video footage into evidence. Instead, Harden argues that the footage was before the MAR court because the state trial court was informed by written motion that the video footage existed and because Harden summarized some of the content of the footage in his brief on appeal. [Doc. 63 at 14-20].

The fact that Harden described some of the content of the video in his brief on appeal is insufficient to demonstrate that the video footage itself was before the MAR court when it adjudicated his claims. As noted previously, Harden does not contend that the video footage was unavailable at the time of his state court proceedings or that he attempted to introduce the video into evidence but was presented from doing so through no fault of his own. Therefore, Petitioner has failed to meet the requirements of § 2254(e)(2). Furthermore, even if he could show that the video footage was before the MAR court, the footage is not related to his habeas petition for the same reasons that the transcript is not related to his habeas petition. Harden's motion to expand the record to include the video footage is denied.

## RESPONDENT'S MOTION

The Respondent has filed a Motion to Expand Record [Doc. 61] which is contingent upon this Court's granting the Petitioner's Motion to Amend Petition [Doc. 49] and the Petitioner's Motion to Expand Record [Doc. 44] addressed herein. The Motion to Amend Petition was denied by separate order entered contemporaneously herewith. The Petitioner's

Motion to Expand Record is denied herein. Respondent's motion is, therefore, moot.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Harden's Second Motion to Expand the Record [Doc. 44] is **DENIED**.

**IT IS FURTHER ORDERED** that Respondent's Motion to Expand the Record [Doc. 61] is **DENIED** as moot.

**IT IS SO ORDERED.**

Signed: September 7, 2010

Martin Reidinger
United States District Judge