IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06cv248

ALDEN JEROME HARDEN,      )
                          )
      Petitioner,         )
                          )
vs.                       )         O R D E R
                          )
                          )
GERALD BRANKER, Warden,   )
Central Prison            )
Raleigh, North Carolina,  )
                          )
      Respondent.         )
_____    )

**THIS MATTER** is before the court upon the petitioner Alden Jerome Harden's Motion for Abeyance Pending Exhaustion of Claims Under the N.C. Racial Justice Act, or in the Alternative, Motion to Establish Briefing Schedule (#84).

## I.    PROCEDURAL HISTORY

In 1994, the petitioner was convicted of first-degree murder and sentenced to death for killing two Charlotte-Mecklenburg Police Officers. He appealed his convictions and sentences. Among his claims was that the state had used its peremptory challenges in a racially discriminatory fashion in violation of Batson v. Kentucky, 476 U.S. 79, 109 S.Ct. 1712, 90 L.Ed.2d 69 (1986), when it struck

veniremen Shannon Smith and Linda Stein.[1] [State's Ex. D: Def.-Appellant's Br. 110-118]. The North Carolina Supreme Court found no error, and the United States Supreme Court denied *certiorari* review. State v. Harden, 344 N.C. 542, 476 S.E.2d 658 (1996), cert. denied, 520 U.S. 1147, 117 S.Ct. 1321, 137 L.Ed.2d 483 (1997). The petitioner's Batson claim is now pending before this court as part of his petition for a writ of *habeas corpus*.

On February 26, 2009, the petitioner filed a Second Motion for Appropriate Relief ("Second MAR") in state court, claiming that the state had used its peremptory challenges in a racially discriminatory fashion during jury selection in violation of Batson. [Doc. 66-3]. In addition to offering new arguments with respect to the strikes of Smith and Stein, the petitioner also challenged the state's removal of jurors Alfred Morrison, Kennith Brown, and Gelnice Horsley. [Id. at 13-32]. The petitioner filed a motion to hold consideration of his *habeas* petition in abeyance pending resolution of his Second MAR, which this court denied on September 10, 2009. [Doc. 76].

On August 11, 2009, the North Carolina legislature enacted the *Racial Justice Act*, N.C. Gen. Stat. §§ 15A-2010, *et seq.* ("RJA"). The RJA provides that an inmate

---

[1] In Batson v. Kentucky, 476 U.S. 79, 96-98 (1986), the Supreme Court established a three-pronged test to determine whether a party purposefully exercised its peremptory strikes in a racially discriminatory manner.

who has been sentenced to death shall be resentenced to life imprisonment without the possibility of parole

> [i]f the court finds that race was a significant factor in decisions to seek or impose the sentence of death in the county, the prosecutorial district, the judicial division, or the State at the time the death sentence was sought or imposed.

N.C. Gen. Stat. § 15A-2012(a)(3). One of the ways that an inmate may obtain this relief is by presenting evidence, including statistical evidence, that "[r]ace was a significant factor in decisions to exercise peremptory challenges during jury selection." N.C. Gen. Stat. § 15A-2011(b)(3).

On February 18, 2010, the Mecklenburg County Superior Court entered an Order holding the petitioner's Second MAR in abeyance pending the petitioner filing a motion pursuant to the RJA on or before the statutory deadline of August 10, 2010, so that these motions could be considered together at a single hearing. (Order, # 80-1). The petitioner filed his RJA motion on August 5, 2010. (# 85-1).

The petitioner now requests that the Court hold his Petition for a *Writ of Habeas Corpus* in abeyance pending the state court's resolution of his RJA claim. Alternatively, the petitioner requests that the court set a briefing schedule for the filing of his response to the state's Answer and Motion for Summary Judgment. (#84). The state opposes the petitioner's request for an abeyance, but does not oppose the briefing schedule proposed by the Petitioner. (#88).

3

## II. DISCUSSION

Federal district courts have discretion to stay *habeas* proceedings pending the exhaustion of state post-conviction remedies. See Rhines v. Weber, 544 U.S. 269, 276 (2005). The Supreme Court has cautioned, however, that

> [s]taying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

Id. at 277. For these reasons, the Supreme Court has held that "stay and abeyance should be available only in limited circumstances." Id.

In the present case, the petitioner asks the court to stay his habeas petition on the grounds that the statistical evidence alleged by him in support of his RJA claim also supports his Batson claim presently pending in this court, and that the state court should be first allowed to consider and decide the RJA claim in the interest of comity. (# 85, at 3). The pendency of petitioner's RJA claim in state court, however, does not justify an abeyance of this *habeas* matter. The state court's resolution of petitioner's RJA claim will not be cognizable in federal court. See Estelle v. McGuire, 502 U.S. 62, 67-68(1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). Thus, if the state court rejects the

4

petitioner's RJA claim, he cannot seek federal review of that state-law question in this proceeding. See id.

Further, while "[t]he exhaustion requirement applies as much to the development of facts material to a petitioner's claims as it does to the legal principles underlying those claims," evidence that was not presented to the state court may be considered in a federal habeas review so long as the evidence "does not fundamentally alter the legal claim already considered by the state courts." Winston v. Kelly, 592 F.3d 535, 549 (4th Cir.), cert. denied, ___ U.S. ___, 131 S.Ct. 127 (2010). In that sense, exhaustion of the RJA evidence in state court is not necessarily required for the petitioner to present such evidence in this *habeas* proceeding.[2]

For these reasons, the court concludes that the petitioner's request for an abeyance is not warranted. The court, however, will grant the petitioner's request for alternative relief and will establish a briefing schedule for the filing of petitioner's response to the respondent's Answer and Motion for Summary Judgment.

**O R D E R**

---

[2] The Court makes no determination at this time as to whether the petitioner may introduce such evidence in his federal *habeas* case. See Winston, 592 F.3d at 429 ("The question of when new evidence 'fundamentally alters' an otherwise exhausted claim 'is necessarily case and fact specific.'") (quoting Morris v. Dretke, 413 F.3d 484, 491 (5th Cir. 2005)).

**IT IS, THEREFORE, ORDERED** that petitioner's Motion for Abeyance Pending Exhaustion of Claims Under the N.C. Racial Justice Act (#84) is **DENIED**.

**IT IS FURTHER ORDERED** that the petitioner's alternative motion for the establishment of a briefing schedule (#84) is **ALLOWED**, and petitioner's response to the respondent's Answer and Motion for Summary Judgment shall be filed no later than 120 days from the entry of this Order.

Signed: March 22, 2011

Max O. Cogburn Jr.
United States District Judge