# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:06cv248

| | |
|---|---|
| ALDEN JEROME HARDEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | **O R D E R** |
| ) | |
| KENNETH LASSITER, ) | |
| Warden, Central Prison ) | |
| Raleigh, North Carolina, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the court on petitioner Alden Jerome Harden's Motion for Certificate of Appealability (#103). The court has considered the motion along with the respondent's Response in Opposition (#106).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this court will issue a certificate of appealability. Where, as here, a habeas petitioner files a notice of appeal, Rule 22 of the Federal Rules of Appellate Procedure requires "the district judge who rendered the judgment [to] . . . issue a certificate of appealability or state why a certificate should not issue." This Court must grant a certificate of appealability ("COA") if petitioner shows that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). To meet this standard, petitioner need not show that some jurists would grant his habeas petition as

a claim can be debatable even though every jurist of reason might agree, after the

> COA has been granted and the case has received full consideration, that petitioner will not prevail.

Id., at 338. While the State of North Carolina's response to such request casts some doubts on whether reasonable jurists could differ, doubts about whether to grant a COA must, in all fairness, be resolved in petitioner's favor as he is under a sentence of death. Fuller v. Johnson, 114 F.3d 491, 495 (5th Cir. 1997); Porter v. Gramley, 112 F.3d 1308, 1312 (7th Cir. 1997). See also Slack v. McDaniel, 529 U.S. 473, 484–85 (2000) (in order to satisfy § 2253(c) when court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

**ORDER**

**IT IS, THEREFORE, ORDERED** that petitioner Alden Jerome Harden's Motion for Certificate of Appealability (#103) is **GRANTED,** and a Certificate of Appealability is, hereby, issued as to the following issues which satisfy the showing required by 28 U.S.C. § 2253(c)(2):

1. Whether the Supreme Court of North Carolina's adjudication of petitioner's claim pursuant to Batson v. Kentucky, 476 U.S. 79 (1986), was contrary to or involved an unreasonable application of clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented in state court; and

2. Whether this Court erred in denying Harden's request to stay and hold in abeyance federal habeas proceedings to permit the state post-conviction court to hold a hearing on petitioner's *Batson* claim and additional evidence in support of that claim.

Signed: March 8, 2012

Max O. Cogburn Jr.
United States District Judge